JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-6867-MWF | Date:  October 13, 2023 |
| Title:  In Re: Allana Baroni | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Appellants: | Attorneys Present for Appellees: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE AND MOOTNESS

Debtor Allana Baroni and her counsel (and alleged creditor) Richard Antognini (collectively "Appellants") filed the Notice of Appeal initiating this action on September 22, 2022.  (Docket No. 1).  On December 9, 2022, the Court denied Appellants' Emergency Motion for Stay Pending Appeal (the "Emergency Motion") as procedurally and substantively defective.  (Docket No. 13).  Appellants have not filed anything substantive since the Emergency Motion, including their Opening Brief.

On September 26, 2023, the Court ordered Appellants to show cause ("OSC") why this action should not be dismissed for lack of prosecution or mootness.  (Docket No. 15).  In the OSC, the Court noted that failure to voluntary dismiss this action or file an Opening Brief would result in automatic dismissal given Appellants' dilatory history.  (OSC at 1).  *See* Fed. R. Bankr. P. 8003 (explaining that an appellant's failure to follow the procedures for filing an appeal is ground for "dismissing the appeal").

Appellants failed to respond in any fashion to the OSC by the deadline.  This appeal is therefore **DISMISSED**.  *See Greco v. Stubenberg*, 859 F.2d 1401, 1403–04 (9th Cir. 1988) (finding an appellant's failure to take steps required to perfect his appeal was grounds for dismissal due to failure to prosecute).

The Ninth Circuit has held that "unless there are egregious circumstances, the district court must, as the general rule requires, explicitly consider relative fault and alternative sanctions." *In re Fitzsimmons*, 920 F.2d 1468, 1474 (9th Cir. 1990).  But

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6867-MWF						Date:  October 13, 2023
Title:  In Re: Allana Baroni

the "existence of bad faith" may also justify a dismissal of a bankruptcy appeal based on non-compliance with non-jurisdictional procedural rules and court orders.  *Id.*  Indeed, a finding of "bad faith constitutes egregious circumstances which can warrant dismissal even without the explicit consideration of alternative sanctions and relative fault."  *Id.*  Further, "[d]ilatory conduct that constitutes bad faith includes 'extreme and unexcused delay in complying with the requirements'" of the Federal Rules of Bankruptcy Procedure.  *In re Aspen Healthcare, Inc*., 265 B.R. 442, 447 (N.D. Cal. 2001) (citation omitted) (finding bad faith, in part, because "appellant [] provided no plausible explanation for its failure timely to complete the record on appeal").

"Courts have found as short as a one month delay to be extreme and in bad faith."  *In re Aspen*, 265 B.R. at 447 (citing *Fitzsimmons*, 920 F.2d at 1470) (finding one factor evidencing bad faith behavior was appellant's failure to "serve the designation of record for a month, well after the ten days provided by Bankruptcy Rule 8006 had expired"); *In re Marsh*, 19 F. App'x 727, 729 (9th Cir. 2001) (affirming district court's conclusion that the appellant's "109 day delay in designating the record on appeal [wa]s an inexcusably flagrant violation of the court's rules" and constituted "egregious circumstances" warranting dismissal, especially given the district court's prior warning).

Here, Appellants have not taken a single step to perfect their appeal beyond filing the Notice of Appeal, paying the filing fee, and pursuing the Emergency Motion ***nearly a year ago***.  Nor have Appellants filed their Opening Brief.

Appellants were notified of these discrepancies in the Court's OSC.  Appellants were also clearly warned that failure to respond to the OSC would result in automatic dismissal.  The unexcused, over one-year delay in taking any steps to perfect this appeal – which is only one appeal in over twenty such appeals from the same Bankruptcy Action – is just another example of Appellants' long history of dilatory and brazen litigation tactics.  Therefore, the Court has little trouble concluding that the long delay and the unexplained failure to respond to this Court's OSC by the deadline constitutes bad faith and egregious circumstances warranting dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-6867-MWF  **Date:** October 13, 2023
**Title:** In Re: Allana Baroni

    Additionally, this Court has considered alternative lesser sanctions by issuing an OSC and warning Appellants that failure to respond to the OSC would result in dismissal without further notice.  *See Fitzsimmons*, 920 F.2d at 1474 n.5 (noting that district courts demonstrate consideration of alternative sanctions when they impose further deadlines and warn of dismissal).  This Court has also already imposed monetary sanctions on Appellants in a different appeal for acting in bad faith.  *See In re Allana Baroni et. al.*, CV 23-1818-MWF, 2023 WL 4879843, at *14–15 (C.D. Cal. June 28, 2023).  Because lesser sanctions have proven ineffective, dismissal is appropriate.

    Moreover, as the Court previously noted in the OSC, Appellants' subsequent appeals to this Court appear to render this instant appeal moot.  *See, e.g.*, *In re Baroni*, Nos. 23-6235-MWF, 23-6689-MWF, 2023 WL 5829023 (C.D. Cal. Aug. 31, 2023).

    Accordingly, this appeal is **DISMISSED** for failure to prosecute and mootness.

    IT IS SO ORDERED.